**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| RICHARD BUSH, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **CASE NO.: 1:26-CV-977** |
| | **)** | |
| FAIR OAKS MOTORS, INC., | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Fair Oaks Motors, Inc. ("Fair Oaks"), by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), submits this Memorandum in Support of its Motion to Dismiss the failure-to-promote claims (Counts 7 and 8) asserted by Plaintiff Richard Bush ("Plaintiff") under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") in his First Amended Complaint and Jury Demand (the "Amended Complaint").

**INTRODUCTION**

Plaintiff's Amended Complaint asserts multiple theories of discrimination and retaliation under Title VII and Section 1981 arising from his two periods of employment with Fair Oaks. This Motion is directed only to Counts 7 and 8, which allege that Fair Oaks unlawfully failed to promote Plaintiff to a General Sales Manager position. Those claims should be dismissed with prejudice because Plaintiff did not exhaust any failure-to-promote claim under Title VII and, in any event, the Amended Complaint does not plead facts sufficient to state a plausible failure-to-promote claim under either statute.

First, Count 7 fails because Plaintiff's administrative charge did not identify any alleged failure to promote, did not reference any General Sales Manager opening, and did not allege that Fair Oaks denied him any promotional opportunity. Because a Title VII plaintiff may pursue in court only those claims first presented to the administrative agency or reasonably developed from that investigation, Plaintiff's newly asserted failure-to-promote theory is procedurally barred.

Second, Counts 7 and 8 fail on the pleadings. The Amended Complaint does not allege facts showing that Plaintiff applied for and was denied the same position later awarded to another candidate under circumstances supporting a plausible inference of discrimination. Instead, Plaintiff attempts to base his claims on a different position allegedly given to Hung Khuu ("Mr. Khuu") after Plaintiff's employment ended, while pleading no facts showing that Plaintiff sought that position, was qualified for it, or was treated less favorably because of race. Accordingly, Counts 7 and 8 should be dismissed with prejudice.

### ALLEGED FACTS

On or about April 9, 2024, Fair Oaks received notice of a Charge of Discrimination, Charge No. 12K-2024-00121 (the "Charge"), filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of Civil Rights ("VOCR"). Ex. A, Notice of Charge of Discrimination, Apr. 9, 2024.[1] In the Charge, Plaintiff alleged race and color

---

[1] Courts may considered documents outside the complaint when such documents "are integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Mustafa v. Iancu*, 313 F.Supp.3d 684, 687 (E.D. Va. 2018) (quoting *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015)). The VOCR documents attached as Exhibits A and B hereto are integral to, and explicitly relied on, in the Amended Complaint as the Amended Complaint states that Plaintiff "timely filed a Charge of Discrimination with the [EEOC], Charge No. 12IC-2024-00121 [sic], alleging rave discrimination and retaliation by Fair Oaks." [ECF No. 15 at¶ 10]; *Mustafa*, 313, F.Supp.3d at 687. As such, the Court may properly consider the attached VOCR documents without converting this motion into a Rule 56 motion. *Mustafa*, 313 F.Supp.3d at 687.

discrimination and retaliation based on alleged discriminatory comments, a performance improvement plan, and two terminations of his employment with Fair Oaks. Ex. A at 3.

The VOCR investigated those allegations, including through Fair Oaks's position statement and responses to two subsequent requests for information. On August 25, 2025, the VOCR issued a Final Determination finding "no reasonable cause" to believe Plaintiff was terminated because of race or that he had any other cognizable race-discrimination claim. Ex. B, Final Determination, Aug. 25, 2025, at 10. The EEOC issued Plaintiff a Notice of Right to Sue on or about January 9, 2026. [ECF No. 15 at ¶ 11].

On April 9, 2026, Plaintiff filed his initial complaint, alleging that Fair Oaks terminated his employment, retaliated against him for unspecified protected activity, and subjected him to unequal terms and conditions of employment in violation of Title VII. [ECF No. 1]. Plaintiff did not identify "failure to promote" as a form of discriminatory conduct in that pleading. *Id.* Plaintiff filed the Amended Complaint on June 22, 2026, adding failure-to-promote claims under Title VII and Section 1981 for the first time.

In support of those new claims, Plaintiff alleges that Fair Oaks's General Sales Manager position became available in or around August or September 2023, during his second period of employment. [ECF No. 15 at ¶¶ 53, 109]. He alleges that he was the "most qualified candidate among Fair Oaks's existing sales managers" and that he "expressed interest" in the General Sales Manager position. *Id.* at ¶¶ 59-60. He further alleges that Fair Oaks placed him on a written "Action Plan" and terminated his employment on February 23, 2024. *Id.* at ¶¶ 61-65.

The Amended Complaint also alleges that Plaintiff learned "in or around late February 2024" that Fair Oaks had hired Mr. Khuu as a sales manager. *Id.* at ¶ 65. After Plaintiff's employment ended, Fair Oaks allegedly promoted Mr. Khuu to Director of Sales, "a position that

3

had been vacant since Mr. Cuadros's own promotion to General Manager." *Id.* at ¶ 68. Plaintiff does not allege in the Amended Complaint that his Charge identified any failure to promote, any General Sales Manager opening, any application for promotion, or any denial of a promotional opportunity, nor can he.

Because Plaintiff did not exhaust any Title VII failure-to-promote claim and does not plead facts sufficient to state a plausible failure-to-promote claim under either Title VII or Section 1981, Counts 7 and 8 should be dismissed with prejudice.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive dismissal, a complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility requires factual content that permits the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

In evaluating a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and construes them in the plaintiff's favor. But the Court need not accept legal conclusions, formulaic recitations of the elements, bare assertions devoid of factual enhancement, unwarranted inferences, or unreasonable conclusions. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The plausibility standard therefore requires more than a sheer possibility that a defendant acted unlawfully.

Title VII also requires a plaintiff to exhaust administrative remedies before filing suit. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). The administrative charge defines the

4

scope of the later civil action and claims that fall outside the charge and the reasonable investigation that would follow are subject to dismissal. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999).

## ARGUMENT

### I.    Plaintiff's Title VII Failure-to-Promote Claim Is Barred Because He Did Not Exhaust It Administratively.

Before pursuing a Title VII claim in federal court, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC. *Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009). The charge defines the scope of the later lawsuit: only claims stated in the charge, reasonably related to it, or developed by a reasonable investigation may proceed. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Claims that exceed the charge and the investigation that would naturally follow are procedurally barred. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Courts may not "read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.,* 711 F.3d 401, 408 (4th Cir. 2013).

Plaintiff's failure-to-promote theory appears for the first time in the Amended Complaint, which alleges a "General Sales Manager position that became available upon Sony Pierre's departure in or around September 2023." [ECF No. 15 at ¶ 109]. The Charge contains no such allegation. It does not identify any available promotion, any application or expression of interest by Plaintiff, any denial of a promotional opportunity, or any assignment of promotional duties to Mr. Khuu. Nor did the VOCR's investigation uncover such a theory. Ex. B.

Instead, the administrative record concerns three different categories of alleged misconduct: generalized hostile-work-environment allegations, alleged discriminatory discharges based on race and color, and an unspecified retaliation allegation tied to Plaintiff's complaints about being called "lazy." None would naturally have prompted an investigation into whether Fair Oaks failed to promote Plaintiff to General Sales Manager.

5

Nor can Plaintiff recast the claim as retaliation to avoid exhaustion. Failure to promote is a discrete employment action that must be separately raised and investigated. *Walton v. Harker*, 33 F.4th 165, 174 (4th Cir. 2022); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Because Plaintiff's Charge did not identify any failure to promote, Count 7 is procedurally barred.

Accordingly, Plaintiff's Title VII failure-to-promote claim should be dismissed with prejudice.

## II.     **Plaintiff Fails to Plead a Plausible Failure-to-Promote Claim Under Title VII or Section 1981.**

A failure-to-promote claim under Title VII or Section 1981 requires facts showing that the plaintiff was a member of a protected class, applied for a specific position, was qualified for that position, and was rejected under circumstances supporting an inference of discrimination. *Walton*, 33 F.4th at 176; *Callwood v. Dave & Buster's, Inc.*, 98 F. Supp. 2d 694, 704 (D. Md. 2000). Although Plaintiff need not plead a full *prima facie* case, he must allege facts that raise his right to relief above speculation. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff alleges that a General Sales Manager position became available "in or around September 2023" after Sony Pierre's departure and that Plaintiff "applied for and was qualified for" that role. [ECF No. 15 at ¶ 109]. He then alleges that Fair Oaks terminated his employment on February 23, 2024. Those allegations do not identify when or how Plaintiff applied, who rejected him, or any facts connecting the alleged non-promotion to race.

Plaintiff instead relies on a different event: after his employment ended, Fair Oaks allegedly promoted Mr. Khuu to Director of Sales, "a position that had been vacant since Mr. Cuadros's own promotion to General Manager." *Id.* at ¶ 68. But the Director of Sales position is

not the General Sales Manager position Plaintiff claims he sought. Plaintiff's claim therefore rests on a promotion to a different job for which he does not allege he applied.

Plaintiff's allegation that the General Sales Manager's "substantive responsibilities" were later assigned to Mr. Khuu does not cure the defect. The Amended Complaint still does not allege that Plaintiff applied for the Director of Sales position, that he was qualified for it, or that he was more qualified than Mr. Khuu for any relevant position. Without those facts, Mr. Khuu's alleged promotion does not support a plausible inference that Fair Oaks denied Plaintiff a promotion because of race.

Because Plaintiff pleads no nonconclusory facts showing that he applied for and was denied the same position later awarded to another candidate under circumstances suggesting discrimination, Counts 7 and 8 fail as a matter of law and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Fair Oaks Motors, Inc. respectfully requests that the Court dismiss Counts 7 and 8 of the Amended Complaint with prejudice.

Date: July 7, 2026

**FAIR OAKS MOTORS, INC.**

*/s/ Rachael L. Loughlin*
Rachael L. Loughlin (VSB No. 84133)
Karlee D. Gordon (VSB No. 101843)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
Tel:    (804) 403-7114
Fax:    (804) 403-7110
rloughlin@ohaganmeyer.com
kgordon@ohaganmeyer.com
*Counsel for Defendant Fair Oaks Motors, Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) Plaintiff at the below email address. I further certify that I emailed and mailed first class, postage prepaid, a copy of the foregoing document to:

Richard Bush, *Pro Se Plaintiff*
8300 Wisconsin Avenue
Apartment 601
Bethesda, Maryland 20814
Richard.alvin@gmail.com

> */s/ Rachael L. Loughlin*
> Rachael L. Loughlin (VSB No. 84133)
> O'HAGAN MEYER, PLLC
> 411 East Franklin Street, Suite 500
> Richmond, VA 23219
> T: (804) 403-7114
> F: (804) 403-7110
> RLoughlin@ohaganmeyer.com
> *Counsel for Defendant Fair Oaks Motors, Inc.*